IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| QUALITY EDGE, INC.,<br>a Delaware corporation,<br><br>　　　　　Plaintiff,<br>v.<br><br>MAC METAL ARCHITECTURAL, INC.,<br>a Canadian corporation,<br><br>　　　　　Defendant. | Civil Action No.<br><br>Hon. _____<br><br><br>COMPLAINT WITH JURY DEMAND |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Quality Edge, Inc., a Delaware corporation (hereinafter QUALITY EDGE), as and for its Complaint against Defendant, MAC Metal Architectural, Inc. a Canadian corporation (hereinafter MAC Metal), hereby alleges as follows:

**NATURE OF ACTION**

1.　　This is an action in law and equity for patent infringement arising out of infringement of Quality Edge's U.S. Patent No. 11,421,423 ('423 Patent) in violation of the patent laws of the United States, 35 U.S.C. §§ 271 et seq.

**THE PARTIES**

2.　　Plaintiff Quality Edge, Inc. is a corporation of the state of Delaware and has a principal place of business at 550 3 Mile Road NW, Suite E, Walker, Michigan 49544.

3.　　Upon information and belief, Defendant MAC Metal Architectural is a corporation of Canada and has a principal place of business at 5975, chemin de la Savane, Saint-Hubert, QC J3Y 0X1, Canada.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a). This Court also has jurisdiction in this action pursuant to 28 U.S.C. § 1332.

5. This Court has jurisdiction over MAC Metal because MAC Metal transacts business in this district and is subject to personal jurisdiction in this district, including under Michigan Comp. Laws § 600.711, § 600.715, and related law.

6. Venue is proper in this judicial district under 28 U.S.C. § 1391 (b) and (c) and § 1400.

**BACKGROUND FACTS**

7. Quality Edge is a leading provider building materials, including metal siding, throughout the United States and Canada.

8. Quality Edge is an innovator of many significant advances in such products and is the owner of many patents.

9. Quality Edge is the owner of U.S. Patent No. 11,421,423 duly and legally issued on August 23, 2022 (hereinafter the '423 Patent). A true copy of the '423 Patent is attached as Exhibit A.

10. The '423 Patent has claims which cover metal plank siding. For example, the '423 Patent is marked in compliance with U.S.C. § 287, in connection with Quality Edge's VESTA® Siding.

11. MAC Metal has manufactured, used, imported, sold, and/or offered for sale in this judicial district, and elsewhere in the United States, metal plank siding. The products include, but

are not limited to, the HARRYWOOD PLUS metal plank siding (collectively, "Accused Products"). These products infringe at least claim 1 of the '423 Patent. These acts of infringement are a violation of the United States patent laws, including, but not limited to, 35 U.S.C. § 271(a)-(c). The Accused Products are sold in this judicial district, at a number of distributors, including, but not limited to, Belden Architectural Elements, 620 Leonard St. NW, Grand Rapids, Michigan 49504 and at 1005 South 8th Street, Kalamazoo, Michigan 49009.

12. MAC Metal's aforesaid infringement has been and continues to be willful and deliberate and is ongoing.

13. Quality Edge has in the past been damaged and continues to suffer irreparable injury as a result of MAC Metal's actions. Infringement of the Quality Edge Patents by MAC Metal will continue unless and until enjoined by this Court.

**COUNT I: INFRINGEMENT OF THE '423 PATENT**

14. Plaintiff Quality Edge realleges each and every allegation contained in paragraphs 1 through 13 as though fully set forth herein.

15. The Accused Products infringe at least claim 1 of the '423 Patent.

| USPN 11,421,423 | Accused Products |
|---|---|
| 1. A panel to be attached to a building, comprising: | *(image of building with MAC siding)* |

| USPN 11,421,423 | Accused Products |
|---|---|
| an elongated body having an inner face and an outer face, comprising: | |
| a securing flange portion near an upper end of the said elongated body, said securing flange portion being generally parallel to said outer face when said elongated body is attached to a surface of a building; | See above and below |
| said securing flange portion being spaced away from said outer face of said elongated body a first distance to space said inner face of said elongated body a distance away from the building when said elongated body is attached to the surface of the building; | |
| a receiving channel located near a bottom of said securing flange; | See above |

4

| USPN 11,421,423 | Accused Products |
|---|---|
| a tab portion near a lower end of said elongated body, said tab portion being generally parallel to said outer face when said elongated body is attached to the surface of the building; | |
| said tab portion being spaced away from said outer face of said elongated body a second distance; | See above |
| an inner channel formed by a lower inclined surface between said inner face of said elongated body and said tab portion; | See above |
| an upper inclined edge located near the upper end of said elongated body; and | See above |
| wherein said second distance is smaller than said first distance. | Second distance – 17/64" – is smaller than first distance – 11/32". |

16.     The Accused Products have infringed and continue to infringe directly, contributorily, and/or by acts of inducement, the claims of the '423 Patent, including, but not limited to claim 1.

17.     MAC Metal has infringed and continues to infringe the '423 Patent by manufacturing, offering for sale, selling, and/or importing into the United States, the Accused

Products in this judicial district and elsewhere and will continue to do so unless enjoined by this Court.

18. MAC Metal's acts of infringement are willful as MAC Metal had actual knowledge of the '423 Patent, and acted recklessly and in complete disregard for Quality Edge's patent rights.

19. MAC Metal's acts of infringement have caused and will continue to cause substantial and irreparable damage to Quality Edge.

20. Quality Edge has no adequate remedy at law.

21. MAC Metal's aforementioned acts constitute willful infringement of Quality Edge's '423 Patent in violation of 35 U.S.C. §§ 271 *et seq.*

**PRAYER FOR RELIEF**

Wherefore, Quality Edge prays that this Court enter a judgment and order that:

A. MAC Metal has infringed the Quality Edge Patents;

B. the infringement of the Quality Edge Patents by MAC Metal is willful;

C. MAC Metal and its officers, agents, representatives, employees, and all others in concert or participation with them, directly or indirectly, be preliminarily and permanently enjoined from infringing, inducing others to infringe, or contributing to the infringement of the Quality Edge Patents pursuant to 35 U.S.C. § 283;

D. Quality Edge be awarded damages adequate to compensate for MAC Metal's infringement of the Quality Edge Patents, together with pre-judgment and post-judgment interest pursuant to 35 U.S.C. § 284;

E.	said damages be trebled pursuant to 35 U.S.C. § 284 because such infringement has been willful and deliberate;

F.	that this is an exceptional case and Quality Edge be awarded its costs, including reasonable attorneys fees and expenses, in accordance with 35 U.S.C. § 285; and

G.	Quality Edge be awarded such other and further relief as this Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Quality Edge demands trial by jury on all issues in this action.

Respectfully submitted,

Dated: October 7, 2025

s/Matthew J. Gipson
Matthew J. Gipson, P60169
mgipson@priceheneveld.com
PRICE HENEVELD LLP
3400 Innovation Ct., S.E. | P.O. Box 2567
Grand Rapids, MI 49501 | 616.949.9610